4:25-cv-197-DMB-RP

# FAX COVER SHEET

**To:** Charles Orrell                     **From:** EJ Saad Law Firm

**Company:** Internal Revenue Service     **Date:** February 09, 2024 15:31

**Fax Number:** 18552464884               **Pages (Including cover):** 101

**Re:** 6577 Notice

**Notes:**

ID Number: 143602

EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE



February 9, 2024

VIA FACSIMILE TO: 855-246-4884
Charles Orrell
Internal Revenue Service
ID Number 143602

      Re:     SOUTH DELTA PLANNING AND DEVELOPMENT DISTRICT, INC.
               1427 S MAIN STREET STE 147
               GREENVILLE, MISSISSIPPI 38701
               TAXPAYER ID: 6158

               FORMAL WRITTEN PROTEST TO IRS' COVID-19 EMPLOYER CREDIT DISALLOWANCE LETTER FOR PPP LOAN RECIPIENT OR GOVERNMENT ENTITY, LETTER 6362

               FORM 941, EMPLOYMENT TAX EXAMINATION YEAR/PERIOD ENDING 06302020, 09302020, 03312021, 06302021

Mr. Orrell:

By this letter, South Delta Planning and Development District, Inc. is requesting an Appeals conference through this Formal Written Protest to the IRS's assessment and proposed disallowance of COVID-19 employer credits claimed on Form 941, Employer's Quarterly Federal Tax Return for tax periods 06302020, 09302020, 03312021, 06302021 (*attached hereto as Exhibit A*).

**Issue**: Whether South Delta Planning and Development District, Inc. is considered an eligible employer to claim the Employee Retention Credit under the Coronavirus, Aid, Relief and Economic Security Act (CARES Act), P.L. No. 116-136, 134 Stat. 281.

**Summary of the Argument**: Based on governing law in the State of Mississippi, Planning and Development Districts are nonprofit corporations and are not political subdivisions of the state or local government. Further, as promulgated by the IRS themselves, a state or local government or political subdivision of a state or local government is not eligible for exemption under IRC 501(c)(3). Therefore, South Delta Planning and Development District, Inc., as a private, tax-exempt 501(c)(3) organization, is an "Eligible Employer" entitled to claim the Employee Retention Credit.

**Law**: In 2020, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act) that included a new Employee Retention Credit ("ERC"), along with various other relief

**EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE**

programs aimed at alleviating the economic fallout from COVID-19.[1] The ERC is a refundable employer payroll tax credit initially created by Congress to encourage employers to keep their employees on the payroll during the months of 2020 affected by the coronavirus pandemic.[2] Generally, eligible employers include those carrying on a trade or business in 2020 that was fully or partially suspended by government orders relating to COVID-19 or those with a period of significant decline in gross receipts.[3] Pursuant to the CARES Act and the IRS interpretation thereof, or purposes of the Employee Retention Credit, organizations described in Section 501(c) of the Internal Revenue Code of 1986 and exempt from tax under Section 501(a) of such Code are deemed to be engaged in a "trade or business" with respect to all operations of the organization.[4]

The Act further states that the ERC shall not apply to the Government of the United States, the government of any State or political subdivision thereof, or any agency or instrumentality of any of the foregoing.[5] However, in the case of a 501(c)(3) tax-exempt organization, the IRS has promulgated that "a state or local government or political subdivision of a state or local government is not eligible for exemption under IRC 501(c)(3)."[6] As stated in Rev. Rul. 60-384, 1960-2 C.B. 172, a state or municipality itself would not qualify since its purposes are not exclusively those described in 501(c)(3).[7] It follows, therefore, that where the particular activity in question is being conducted as an integral part of a state or municipal government, exemption under IRC 501(c)(3) would not be permitted.[8]

## I. **South Delta Planning and Development District, Inc.**

South Delta Planning and Development District, Inc. ("SDPDD") filed its articles of incorporation with the Mississippi Secretary of State on February 12, 1976 (*attached hereto as Exhibit B*). SDPDD is a private, nonprofit corporation. The corporation is exempt from corporate income taxes, granted by the Internal Revenue Service (IRS) under Section 501(c)(3) of the Internal Revenue Code on April 29, 1976 (*attached hereto as Exhibit C*). The State of Mississippi income tax laws recognize SDPDD as a tax-exempt organization for Mississippi income tax purposes. The District was formed for the purpose of civic improvement and economic development of six counties (Bolivar, Sunflower, Washington, Sharkey, Humphreys, and Issaquena) in the State of Mississippi. South Delta Planning and Development District, Inc. is funded by contributions from local government entities within its service area, federal and state-funded grant awards, and contractual services rendered to local government entities.

---

[1] P.L. No. 116-136.

[2] IRS Newsroom, *FAQs: Employee Retention Credit under the CARES Act*, https:/www.irs.gov/newsroom /faqs-employee-retention-credit-under-the-cares-act (October 18, 2022)

[3] P.L. No. 116-136.

[4] Internal Revenue Service, IRS Notice 2021-20 (2021).

[5] P.L. No. 116-136.

[6] *Id.*

[7] *Id.*

[8] *Id.*

1

**EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE**

**II.**  **The Employee Retention Credit: The IRS' Position**

Based upon its analysis of the law and the above factors, as contained in the COVID-19 Employer Credit Disallowance Letter for PPP Loan Recipient or Government Entity, Letter 6362, the IRS found the following:

> Our records show you aren't eligible to receive the Sick and Family Leave Credit or the Employee Retention Credit because you aren't an eligible government employer.

**III.**  **Taxpayer's Response and Formal Protest of the Above Proposed Change**

Below, we formally address all disputed facts, laws, and issues related to the IRS's position as stated in the COVID-19 Employer Credit Disallowance Letter for PPP Loan Recipient or Government Entity, Letter 6362.

The IRS contends that South Delta Planning and Development District, Inc. is not eligible to receive the Employee Retention Credit because it is not an eligible government employer. However, South Delta Planning and Development District, Inc., as a private, tax-exempt 501(c)(3) organization, is not a government employer at all. Pursuant to controlling Mississippi law, Planning and Development Districts are **not** political subdivisions of the state or local government. Similarly, the IRS has found that a state or local government or political subdivision of a state or local government is **not eligible** for exemption under IRC 501(c)(3). Therefore, South Delta Planning and Development District, Inc. is an "Eligible Employer", as defined in the Coronavirus, Aid, Relief and Economic Security Act, that is entitled to claim the Employee Retention Credit.

1.  **Planning and Development Districts are nonprofit corporations and are not political subdivisions of the state or local government.**

Public Development Districts ("PDD") are private, nonprofit, non-share corporations created to promote regional economic development. In 1971, Governor John Bell Williams issued Executive Order 81 designating all planning and development districts, which were created when they incorporated with the Secretary of State's Office, as regional clearinghouses for federal and state grants to ensure that federally funded projects were in accord with local plans and did not produce duplication (*attached hereto as Exhibit D*).[9]

Because PDDs are private, nonprofit corporations, federal and state agencies review specific programs, but no agency routinely oversees their programs or finances on a comprehensive basis.[10] In a Mississippi Attorney General opinion, dated November 8, 1990, the Attorney General's office stated that "there are fundamental differences between a municipal corporation and a nonprofit corporation"[11] and further that:

---

[9] *See* Mississippi Executive Order No. 81 (June 11, 1971).
[10] Joint Legislative Committee on Performance Evaluation and Expenditure Review Report to the Mississippi Legislature, A Description of Mississippi's Planning and Development Districts, an Assessment of Their Oversight, and a Review of Their Fairness in Administering Loan Programs (January 5, 1998).
[11] Mississippi Attorney General Opinion (November 8, 1990).

2

**EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE**

> [l]t is our opinion that a nonprofit corporation, even one so involved with local governmental entities, [does] not exercise any of the sovereign rights of the state and any state recognition of a PDD has been advisory for the purpose of helping to coordinate federal grants. No local or state governmental agency is required by authority of law to consult or utilize [PDDs]. Lest anyone misunderstand, it is our opinion that a nonprofit corporation . . . is not for any State of Mississippi purpose an agency or arm of the state or any political subdivision thereof. Employees of a PDD are not public employees and cannot participate in the Public Employees Retirement System or be a part of a state or county health insurance for employees program. PDDs are not the state or a political subdivision for Mississippi tax purposes. [Planning and development districts are] private nonprofit corporation[s] with the same stated purpose as any other private nonprofit corporation. The fact that it assists local and state governmental entities in differing ways and that it receives grants of public money does not alter its status as a private corporation.[12] (*attached hereto as Exhibit E*)

This position was later confirmed in 2004 when the Mississippi Attorney General stated plainly:

> Please be advised that it remains our opinion that Planning and Development Districts are nonprofit corporations and are not political subdivisions of the state or local government. Further, PDDs do not have obligations or immunities under the Tort Claims Act, its funds are not subject to centralized collateralization and public depository requirements, and its employees are not public employees eligible for participation in the Public Employees Retirement System. Finally, although state and county auditors have full right to inspect the records of the PDDs as stated in our opinions to McLeod and to Smith (Feb. 4, 2004), PDDs are not generally subject to the Public Records Act.[13] (*attached hereto as Exhibit F*)

Most notably, the Mississippi Supreme Court in the case of *Kinney v. S. Miss. Planning & Dev. Dist., Inc.*, 202 So. 3d 187 (Miss. 2016) (*attached hereto as Exhibit G*) put any legal doubts to rest as to the status of planning and development districts.[14] To resolve this case, the Court had to address the foundational issue of whether Mississippi planning and development districts are governmental or private entities.[15] The determination of whether the Public Records Act or the Open Meetings Law applied to these entities was the narrower determination, as stated by the Court.[16] The majority in *Kinney* held that planning and development districts are private entities.[17] Only after concluding that planning and development districts were indeed private could the court then determine if the Public Records Act or the Open Meetings Law applied to these entities.[18] Accordingly, the Court affirmed two holdings in this case: 1. that planning and development districts are not governmental entities; and 2. that, consequently, these entities are not public bodies

---

[12] *Id.*

[13] See Mississippi Attorney General Opinion (Opinion No. 2004-0103, March 9, 2004).

[14] *Kinney v. S. Miss. Planning & Dev. Dist., Inc.*, 202 So. 3d 187 (Miss. 2016).

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

3

**EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE**

for the purpose of the Public Records Act and Open Meetings Law.[19]

As of the writing of this Formal Protest, *Kinney* is still the governing law in Mississippi on this issue. As such, SDPDD would be violating state law if it did not operate as a private entity on and after August 18, 2016, the date the *Kinney* decision was published.

**2. A state or local government or political subdivision of a state or local government is not eligible for exemption under IRC 501(c)(3).**

Pursuant to Section 501 of the Internal Revenue Code, an organization described in subsection (c) or (d) of same or Section 401(a) shall be exempt from taxation unless such exemption is denied under Section 502 or 503.[20] Specifically, Section 501(c)(3) exempts:

> Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.[21]

To be tax-exempt under Section 501(c)(3) of the Internal Revenue Code, an organization must be organized and operated exclusively for exempt purposes set forth in Section 501(c)(3), and none of its earnings may inure to any private shareholder or individual.[22] It may not be an action organization, i.e., it may not attempt to influence legislation as a substantial part of its activities and it may not participate in any campaign activity for or against political candidates.[23]

Many organizations *affiliated* with the government meet the standard described in IRC 501(c)(3) by accomplishing a "lessening of the burdens of government" purpose under Reg. 1.501(c)(3)-1(d)(2).[24] However, pursuant to IRS Publication *Organizations Closely Affiliated with State or Indian Tribal Governments Reference Guide*, "[a] state or local government or political subdivision of a state or local government is not eligible for exemption under IRC 501(c)(3)."[25]

---

[19] *Id.*

[20] 26 U.S. Code § 501(a).

[21] 26 U.S. Code § 501(c)(3).

[22] Internal Revenue Service, Exemption Requirements - 501(c)(3) Organizations (https://www.irs.gov/charities-non-profits/charitable-organizations/exemption-requirements-501c3-organizations#:~:text=To%20be%20tax%2Dexempt%20under,any%20private%20shareholder%20or%20individual.)

[23] *Id.*

[24] Richard A. McCray, Sr. and Marvin Friedlander, Organizations Closely Affiliated with State or Indian Tribal Governments Reference Guide, 2004 EO CPE Text (2004).

[25] *Id.*

4

EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE

"As stated in Rev. Rul. 60-384, 1960-2 C.B. 172, a state or municipality itself would not qualify since its purposes are not exclusively those described in 501(c)(3)."[26] According to the IRS, it follows, therefore, that "where the particular activity in question is being conducted as an integral part of a state or municipal government, exemption under IRC 501(c)(3) would not be permitted."[27]

SDPDD was created as a nonprofit corporation on February 12, 1976, and was recognized as a tax-exempt 501(c)(3) entity on April 29, 1976, and has operated continuously as such since that time with the same purpose, character, and method of operation. Consequently, according to the IRS, SDPDD cannot be considered a state or local government or a political subdivision of a state or local government.

### 3. South Delta Planning and Development District, Inc. is an "Eligible Employer" as defined in the Coronavirus, Aid, Relief and Economic Security Act.

Section 2301(a)(2)(C) of the CARES Act clearly states that organizations described in Section 501(c) of the Internal Revenue Code of 1986 and exempt from tax under Section 501 (a) of such Code are eligible employers to claim the Employee Retention Credit.

On February 2, 1969, the IRS issued a determination letter stating that SDPDD was exempt under 501(c)(4). However, on April 29, 1976, IRS District Director, Charles O. Dewitt, issued an IRS Determination Letter, Form L-178, modifying the status of the organization as exempt from Federal income tax under section 501(c)(3) of the Internal Revenue Code.

It is true that Amended Section 2301(f)(2)(B) states that the ERC shall not apply to the Government of the United States, the government of any State or political subdivision thereof, or any agency or instrumentality of any of the foregoing except any organization described in Section 501(c)(1) of the Internal Revenue Code of 1986 and exempt from tax under section 501(a) of such Code and any governmental entity that is a college or university or whose principal purpose or function is providing medical or hospital care under the Consolidated Appropriations Act, 2021 (CAA).[28]

However, as noted previously, the Mississippi Supreme Court in *Kinney* held that PDDs were not created by the Mississippi Constitution, statute, or executive order. Further in *Kinney*, the Court held that planning and development district employees are not entitled to health insurance coverage offered to government employees nor are they eligible to participate in the Public Employees Retirement System, supporting the finding that these organizations are private entities and not governmental.

In addition to the *Kinney* decision, the aforementioned Mississippi Attorney General advisory opinion, issued in 2003, reaffirming the private, as opposed to the governmental, status of PDDs, coupled with the fact that SDPDD operates similarly to any other nonprofit organization, leaves no doubt that the organization is not a government employer and, thus, eligible to claim the ERC. The government is required by law to provide certain services. It is not uncommon for federal,

---

[26] *Id.*
[27] *Id.*
[28] P.L. No. 116-260, 134 Stat. 3075.

5

**EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE**

state, and local governments to regularly contract with various organizations, including PDDs, to provide said services to lessen the burden on the limited resources of governmental entities. Nonprofit organizations frequently obtain most if not all money through governmental grants, which are subject to audit. However, it is evident based on governing Mississippi law that PDDs do not exercise any sovereign rights of the state and are not subject to routine oversight of programs or finances on a comprehensive basis. Therefore, the assertion that SDPDD is a government employer based on the services provided and funding received is a false reliance.

In furtherance of the position that SDPDD is not a government employer, deference and consideration must be given to Mississippi state law regarding public officials and board membership. Under the Mississippi State Constitution, public officials are not legally permitted to serve on a board of directors for any governmental entity as it would represent a constitutional conflict of interest. This notion was supported in *Alexander vs. State of Mississippi by and Through Allain*, MS Sup. Ct. 1983 (*attached hereto as Exhibit I*).[29] The then Attorney General Bill Allain contended that the thirty-six (36) members of the Mississippi State Legislature must be removed from executive boards in state government as their participation in these bodies violated the separation of powers language in the Mississippi Constitution.[30] The Mississippi Supreme Court unanimously upheld the lower court's decision in favor of Allain's argument.[31]

Under Mississippi law, however, PDDs are not subject to this limitation and may allow public officials to sit on their board of directors without any constitutional conflict of interest. On October 30, 1984, then Mississippi Attorney General Edwin Lloyd Pittman issued an advisory opinion reflecting this determination (*attached hereto as Exhibit H)*, stating the following:

> It is the opinion of this office that, based on the information furnished, [planning and development districts are] private nonprofit corporation[s] and not a unit of State or local government, i.e., a political subdivision, and that there is no prohibition under the Constitution and laws of the State of Mississippi which would disqualify an elected member [from serving on a PDD's board of directors]. That is, [if a planning and development district] is a private corporation and not a unit of State or local government, then there is no constitutional impediment existing under the Separation of Powers provisions of the Constitution, which would prevent an elected member of a county Board of Supervisors [or directors] (a part of the judicial branch of Stale government) from serving on the Board of Directors of this Corporation. Section 2 of the Mississippi Constitution of 1890 would have no application since its provisions only operate to prohibit dual membership in two different branches of government. [I]t is the opinion of this office that a member of the Board of Supervisors [or Directors] is not constitutionally prohibited from simultaneously serving as an elected member of the Board of Supervisors [or Directors] and as a member of the Board of Directors of a [planning and development district].[32]

---

[29] *Alexander v. State by and Through Allain*, 418 So. 2d 779 (1982).
[30] *Id.*
[31] *Id.*
[32] Mississippi Attorney General Opinion (October 30, 1984).

6

EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE

This opinion was later reaffirmed through subsequent Attorney General Advisory Opinions issued on November 8, 1990, and on March 9, 2004, referenced above in Section 1.

Because SDPDD is a private, nonprofit corporation that is not subject to comprehensive program or financial oversight by any governmental entity; it was not established pursuant to any Mississippi Constitution, statute, or executive order; state law contends that elected officials may only serve on the board of directors of PDDs because they are not governmental entities or instrumentalities; and, the State of Mississippi has expressly declared that PDDs are not an extension of the state or any political subdivision, the organization is an eligible employer for the purpose of claiming the Employee Retention Credit.

## IV. Taxpayer's Conclusions

Based on the laws and facts above, South Delta Planning and Development District, Inc. asserts that it is a private, nonprofit 501(c)(3) corporation, not a political subdivision of the State of Mississippi. As such, South Delta Planning and Development District, Inc. is an "Eligible Employer" entitled to claim the Employee Retention Credit under the Coronavirus Aid, Relief and Economic Security Act.

7

**EXHIBIT 6 - SOUTH DELTA RESPONSE TO 6362 NOTICE**